IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMY JO KENNEDY,

        Plaintiff,

   vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

Case No. 3:11-CV-01332-AA
OPINION AND ORDER

Laurie B. Mapes
Attorney At Law
PO Box 1241
Scappoose, Oregon 97056
    Attorney for plaintiff

S. Amanda Marshall
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97201

Scott T. Morris
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
1301 Young Street, Suite A-702
Dallas, Texas 75202
    Attorneys for defendant

AIKEN, Chief Judge:

Plaintiff, Amy Jo Kennedy, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner. The Commissioner denied claimant's applications for Title II disability insurance benefits (DIB) and Title XVI supplemental security income (SSI) disability benefits under the Act. 42 U.S.C. §§ 401-34, 1381-83f. For the reasons set forth below, the Commissioner's decision is affirmed.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed applications for DIB and SSI on April 14, 2006, respectively. Tr. 13, 126-33. Plaintiff alleged disability beginning August 1, 2005, due to seizures, migraine headaches, depression and stuttering. Tr. 126, 129, 174. After the applications were denied initially and upon reconsideration, plaintiff timely requested a hearing before an administrative law judge (ALJ). Tr. 82-83. On December 11, 2009, a hearing was held before an ALJ, where plaintiff appeared with counsel and testified. Tr. 28-46. In addition, a vocational expert ("VE") testified as an expert witness. Tr. 28-30, 42-53. Thereafter, on January 11, 2010, the ALJ issued a decision finding claimant not disabled within the meaning of the Act. Tr. 13-22. On September 16, 2011, the Appeals Council declined to review the ALJ's decision. Tr. 1-4. Plaintiff then filed a complaint in this Court.

**STATEMENT OF THE FACTS**

Plaintiff was 24 years old as of her amended, alleged disability onset date, and 29 years old as of the date of the ALJ's decision. Tr. 32, 126, 129, 174. Plaintiff completed the equivalent of a high school education and had past relevant work experience as a hotel housekeeper, a barista, and a welder. Tr. 32, 42-47.

**STANDARD OF REVIEW**

This Court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Commissioner's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. <u>Yuckert</u>, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." <u>Yuckert</u>, 482 U.S. at 140-41; <u>see</u> 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity." <u>Id.</u>; <u>see</u> 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. <u>Yuckert</u>, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. <u>Yuckert</u>, 482 U.S. at 141-42; <u>see</u> 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden and proves that the

PAGE 4 - OPINION AND ORDER

claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

### ALJ'S FINDINGS

Initially, the ALJ found that plaintiff remained insured under Title II of the Act only through June 30, 2007, meaning that she was required to establish disability on or before that date in order to be eligible for the Title II benefits. Tr. 15. Plaintiff does not dispute this finding.

At step one of the five step sequential evaluation process outlined above, the ALJ found plaintiff had not engaged in substantial gainful activity since August 1, 2005, her amended, alleged onset date. Tr. 15, Finding 2. Plaintiff does not dispute this finding. At step two, the ALJ found that plaintiff had the following severe impairments: pseudoseizures, migraine headaches, depression, and conversion disorder. Tr. 15, Finding 3. Plaintiff does not specifically dispute the ALJ's two-step finding, but disputes the ALJ's characterization and analysis of her seizure disorder at other steps, as noted below. At step three, the ALJ found plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 15-16, Finding 4. Plaintiff disputes this finding, and specifically argues that her seizure disorder satisfied Listing 11.02.

The ALJ next determined that plaintiff's residual functional capacity (RFC) allowed her to perform a modified range

PAGE 5 - OPINION AND ORDER

of work at all exertional levels. Tr. 16-21, Finding 5. Specifically, the ALJ found that plaintiff could perform work at all exertional levels with the following restrictions: no ladder climbing, no exposure to hazards, no driving, no interaction with the general public, and no more than superficial contact with coworkers. Tr. 16, Finding 5. Further, the ALJ found that plaintiff could understand, remember, and carry out short, simple instructions. Id.

At step four, the ALJ found that plaintiff was unable to perform her past relevant work. Tr. 21-22, Finding 6. Finally, at step five, the ALJ found that there are jobs existing in significant numbers in the national and local economy that plaintiff could perform. Tr. 22, Finding 6.

## DISCUSSION

Plaintiff challenges the ALJ's decision on three grounds. First, the ALJ's determination at Step 3 that plaintiff's impairments do not meet or medically equal the listing for neurological disorders. Second, the ALJ incorrectly concluded that despite the diagnoses of a seizure disorder and migraine headaches, plaintiff has the RFC for full-time work on a competitive and sustained basis. Third, the ALJ improperly concluded that plaintiff is not disabled when the VE testified that a person is not competitively employable if the person has either the amount of "down" time plaintiff and her witnesses report; or the mental limitations the agency consultant identified in her report.

PAGE 6 - OPINION AND ORDER

I. <u>ALJ's Step 3 Finding</u>

Plaintiff argues that the ALJ erred in his determination at Step 3 that plaintiff's seizure disorder does not meet the listings for neurological disorders. Conditions described in the "Listing of Impairment" for each body system are so severe that the Commissioner presumes that they are disabling and does not require specific findings about the plaintiff's ability to perform past work or other work. Therefore, at Step 3, a plaintiff must be found disabled if the plaintiff's impairments meet or medically equal the conditions described in one or more listed impairments. 20 C.F.R. §§ 404.1520, 404.1525, 416.920, 416.925. Medical equivalence is established "if the findings are at least equal in severity and duration to the listed findings." 20 C.F.R. §§ 404.1526, 416.926.

In finding that plaintiff's impairments do not meet or medically equal the criteria for a listed impairment, the ALJ held: "[t]he claimant's pseudo seizures and migraine headaches do not meet or medically equal the criteria of any listed impairment. In making this finding, the undersigned considered the pertinent sections found within Section 11.00 of the Listings. However, the specific findings required were not present in this particular case." Tr. 15. The plaintiff argues that the ALJ's findings were inadequate because he failed to identify the specifications of the neurological listings or why plaintiff's impairments do not meet or medically equal them.

To fully satisfy Listing 11.02, a plaintiff must establish

that she meets the following criteria:

> convulsive epilepsy (grand mal or psychomotor), documented by <u>detailed</u> description of a <u>typical</u> seizure pattern, including <u>all</u> associated phenomena; occurring more frequently than once a month <u>in spite of at least 3 months of prescribed treatment</u>[,] [w]ith [one of the following]: [d]aytime episodes (loss of consciousness and convulsive seizures) or nocturnal episodes manifesting residuals which interfere significantly with activity during the day.

20 C.F.R. Part 404, Subpart P, Appendix 1 (emphasis added).

Here, the record supports the ALJ's finding that multiple treating physicians opined that plaintiff's "pseudoseizures" were psychologically based, and therefore, do not fall within the criteria outline above. See Tr. 18-19, 497, 501, 528-32, 567, 614, 624. In fact, the record shows that plaintiff repeatedly stopped treatment with her doctors presumably because they refused to provide her with the diagnosis she wanted to support her establishment of disability. Plaintiff relies on one page of objective testing in support of her argument. See Pl's Brief, p. 17-18. Dr. Norman So opined that the results of prolonged video-EEG monitoring established that plaintiff experienced "non-epileptic seizures." Tr. 403. He also reported that "[t]he interictal EEG was normal in wakefulness and in sleep." Id. Finally, Dr. So found that plaintiff's MRI scan of her head was "normal," and that plaintiff had normal EEG's in the past. Id.

I find that plaintiff failed to establish the diagnostic requirements of Listing 11.02, which she is required to establish in order to prove disability at step three. In addition, the Ninth Circuit has specifically found that an ALJ may disregard a

PAGE 8 - OPINION AND ORDER

claimant's self-serving statements. See <u>Flaten v. Secretary of HHS</u>, 44 F.3d 1453, 1464 (9th Cir. 1995).

II. <u>The ALJ's RFC Finding</u>

Plaintiff next asserts that the ALJ incorrectly concluded that despite the diagnoses of a seizure disorder and migraine headaches, plaintiff has the RFC for full-time work on a competitive and sustained basis.

When the record establishes a medically determinable impairment that could reasonably cause a plaintiff's reported symptoms, an ALJ must evaluate the plaintiff's credibility. See 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p. In weighing a plaintiff's credibility, an ALJ may consider several factors, including: ordinary techniques of credibility evaluation; the objective medical evidence and medical opinions; plaintiff's inconsistent statements, daily activities, and work record; and plaintiff's medical treatment and the effectiveness and side effects of medication. <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1039 (9th Cir. 2008). A reviewing court need not uphold all of an ALJ's reasons for discrediting a plaintiff, so long as substantial evidence supports the ALJ's decision. <u>Batson v. Commissioner of SSA</u>, 359 F.3d 1190,1197 (9th Cir. 2004). The ALJ here properly discounted plaintiff's credibility, in part, because the objective medical record failed to support her alleged degree of symptoms. Tr. 17-21. Plaintiff rarely sought treatment for her alleged seizure disorder, and seemed to decline to seek ongoing treatment for psychological problems that her

PAGE 9 - OPINION AND ORDER

physicians and a consultative psychologist opined were the source of her alleged seizure complaints. Tr. 18-19, 359, 426, 497, 501, 521-22, 528-32, 567, 614. Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995)(citing absence of treatment for allegedly disabling condition in discounting claimant's subjective complaints of disabling symptoms). In addition, the ALJ noted plaintiff's repeated efforts to obtain a diagnosis of seizure disorder from various physicians whom plaintiff disagreed with and then stopped seeing when they refused to give her a seizure disorder diagnosis. Tr. 18-19, 497, 501, 567, 614.

    I find that the ALJ provided clear and convincing reasons for discounting the credibility of plaintiff's subjective complaints. Even if this court were to find that some of the reasons provided by the ALJ for discounting plaintiff's credibility were not, in fact, clear and convincing, the ALJ's credibility finding stands for the reasons discussed above. Batson, 359 F.3d at 1197 (court need not uphold all of an ALJ's reasons for discounting a claimant's credibility). Further, the court notes that the ALJ addressed the third-party statements from plaintiff's sister, mother, and boyfriend. Tr. 18, 181-88, 258-62. The ALJ correctly found that these statements demonstrated that plaintiff remained engaged in a wide variety of activities of daily living. Tr. 18. Thus, the ALJ established that the third-party statements did not establish more than moderate limitations in plaintiff's activities of daily living or her ability to maintain concentration, persistence or pace. Id.;

PAGE 10 - OPINION AND ORDER

see also, Valentine v. Astrue, 574 F.3d 685, 694 (9th Cir. 2009)(ALJ not required to address third-party statement on an individualized basis and may reject lay witness testimony predicated upon claimant's properly discredited reports).

Finally, I find that the ALJ based his RFC finding on the totality of the evidence in the record, as opposed to any single report from a individual physician. The ALJ expressly considered the reports of Dr. W. Brewster Smith, however, Dr. Smith only confirmed plaintiff's diagnosis of "non epileptic seizures" of "uncertain classification." Tr. 19, 624. Further, Dr. Smith based his references to seizure activity, such as "recurrent seizures on 3-4 days per moth," on plaintiff's own statements. Tr. 618. As discussed above, the ALJ properly discredited plaintiff's subjective statements. It is notable that plaintiff stopped seeing most of her treating physicians because they refused to provide her with the diagnosis of seizure disorder, and actually became combative with them when they suggested that her alleged seizure activity may well be psychologically based. Tr. 18-19, 497, 501, 567, 614. The ALJ gave "great weight" to the report of a consultative, examining physician, Dr. Amy Dourgarian. Tr. 20. As the ALJ noted, Dr. Dourgarian and Dr. Jensen (reviewing physician) were the only physicians of record to express an opinion as to plaintiff's exertional limitations. Tr. 20. In fact, Dr. Dourgarian reported that plaintiff either gave very poor effort or exaggerated her symptoms throughout the examination and refused to answer even the simplest of questions.

PAGE 11 - OPINION AND ORDER

Tr. 19, 528-29, 532. In sum, I find that the ALJ properly assessed plaintiff's credibility as well as her RFC.

   III. <u>The ALJ's Reliance on VE Testimony</u>

The ALJ expressly included all of the limitations from his RFC assessment in his hypothetical question to the VE. Tr. 16, 47. Contrary to plaintiff's argument, the ALJ was not required to include limitations in his hypothetical question that he found to be unsupported by the record. <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

Accordingly, the ALJ's step five finding is based on substantial evidence and is free of legal error; it is therefore affirmed.

**CONCLUSION**

The ALJ's decision is based on correct legal standards and supported by substantial evidence. Thus, the Commissioner's decision is AFFIRMED and this case is dismissed.

IT IS SO ORDERED.

   Dated this 21st day of December 2012.

_____
Ann Aiken
United States District Judge